**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANIER JACQUES GEROW,          :
                               :    Civil Action No. 10-2679 (JBS)
          Petitioner,          :
                               :
     v.                        :    **OPINION**
                               :
DONNA ZICKEFOOSE, et al.,      :
                               :
          Respondents.         :

**APPEARANCES:**

Petitioner pro se
Ranier Jacques Gerow
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

**SIMANDLE**, District Judge:

  Petitioner Ranier Jacques Gerow, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The respondents in this matter are Donna Zickefoose and Harley Lappin.

  Upon the Court's review of its own subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.

I.   BACKGROUND

  Petitioner is presently confined pursuant to a sentence of 20 years of imprisonment and a lifetime term of Supervised

Release for violations of 18 U.S.C. § 2252A.F(1), activities relating to material containing child pornography.  <u>See</u> <u>United States v. Gerow</u>, Crim. Nos. 07-0252 (W.D. N.Y.) (sentencing held on April 17, 2008).  This Court can locate no record of any direct appeal of the convictions or of any motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Here, Petitioner asserts that he is entitled to relief on the following grounds:

> GROUND ONE: The Responding parties claim of authority and /or jurisdiction, real or assumed, to restrain the liberty of the Petitioner, by imprisonment of the body corpus of the Petitioner under the fictional name RANIER JACQUES GEROW inventory control no. 15040-055 at F.C.I. Fort Dix New Jersey, by the Action of the Fiduciary, Ellen Fine Levine, offsetting, discharging and settling any and all claims of debts, obligations or liabilities associated with account no. 117747554 and case no. 1:07CR00252-001 (PG), as evidenced by the attached exhibits and declaration of facts, is terminated.
>
> GROUND TWO: The Responding Parties claim of authority and/or jurisdiction, real or assumed, to restrain the liberty of the Petitioner by imprisonment of the Petitioner by the B.O.P. at F.C.I. Fort Dix New Jersey under the fictional name RANIER JACQUES GEROW inventory control no. 15040-055, based on the instrument entitled "Judgment in a Criminal Case" is a nullity, as said instrument was issued in violation of due process of law.  ...
>
> GROUND THREE: The Responding Parties claim of Authority and/or jurisdiction, real or assumed, to restrain the liberty of the Petitioner by imprisonment of Petitioner by the Federal Bureau of Prisons at F.C.I. Fort Dix New Jersey under the fictional name RANIER JACQUES GEROW, based on the instrument entitled "Judgment in a Criminal Case" is a nullity, as said instrument was issued without evidence on the record that the United States District Court for the Western District of New

> York had lawful jurisdiction of the parties and/or
> subject matter.  ...

(Petition (May 20, 2010).)

On June 28, 2010, Petitioner filed a Notice of Default and Motion of Summary Judgment.  Petitioner then filed, on August 26, 2010, a document entitled "Acceptance of Oath of Office as Bond and Bond of Ranier Jacques Gerow."

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See

3

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Petitioner's challenge to his conviction, pursuant to 28 U.S.C. § 2241, filed here in the district of confinement, is not appropriate.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255. Thus, as the Third Circuit has repeatedly held, a challenge to the validity of a federal conviction, such as in the present case, must be brought under 28 U.S.C. § 2255 in the court where the conviction and sentence was imposed, and a district court lacks jurisdiction under 28 U.S.C. § 2241 to entertain such a challenge, Okereke v. United States, 307 F.3d

4

117, 120 (3d Cir. 2002), unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of petitioner's detention.  Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, here, the Petitioner challenges the legality of his conviction, a challenge which would fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of conviction, i.e., the Western District of New York. Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to timely challenge his conviction by direct appeal, § 2255 motion, or other motions for relief from judgment. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241. See Leger v. Zickefoose, 2010 WL 1930595 (D.N.J. May 12, 2010).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Petitioner has not timely pursued his remedies in the court of conviction. Furthermore the challenges presented here do not

appear to be cognizable claims.[1]  Accordingly, it would not be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of Section 2241 jurisdiction.  An appropriate order follows.

 s/ Jerome B. Simandle 
Jerome B. Simandle
United States District Judge

Dated:  **September 1, 2010**

---

[1] Further, to the extent petitioner's filings seek to nullify or cancel his federal criminal conviction by posting a bond or other transactional device, such a claim would be legally frivolous.

7